*842 MARTIN, J.,
concurring in result only:
I agree that Mr. Black’s 183-month sentence of imprisonment should be affirmed. I write separately to emphasize that I do not read the Majority’s affirmance, or the District Court’s sentence, to be based on the mere existence of Mr. Black’s intellectual disabilities. Generally, a defendant’s diminished capacity may warrant a downward departure, not an upward departure. See United States Sentencing Guidelines (USSG) § 5K2.13. Indeed, the Supreme Court has taught us that criminal defendants with intellectual disabilities, such as Mr. Black, are not as morally culpable as defendants without such disabilities. Cf. Atkins v. Virginia, 536 U.S. 304, 316, 122 S.Ct. 2242, 2249, 153 L.Ed.2d 335 (2002) (“[Tjoday our society views mentally retarded offenders as categorically less culpable than the average criminal.”).
Rather, I understand the District Court exercised its discretion to impose a sentence above the guidelines for public safety reasons related to Mr. Black’s lengthy and violent criminal history that were not taken into account in the computation of his criminal history category. See Doc. 165 at 44. Mr. Black has a number of very serious violent felony convictions committed when he was a juvenile that were not scored, such as burglary of a dwelling, aggravated battery with a deadly weapon, and separate batteries on correctional staff. See PSR ¶¶ 34-37. The District Court’s discretionary upward departure (or variance) was reasonable in light of the seriousness of Mr. Black’s violent criminal history and the court’s assessment of the likelihood of his recidivism.
I also write separately to emphasize that although I agree the sentence imposed was within the District Court’s broad discretion, the record could have also supported a different sentence. Mr. Black’s advisory guideline range was 101 to 111 months of imprisonment (41 to 51 months for Count One plus 60 months for Count Two).[1] Thus, his 183-month total sentence is above his recommended guidelines, although I acknowledge it is well below the statutory maximum sentence of life for his § 924(c) conviction. In light of the significant deference that we owe to a District Court’s sentencing determination, I cannot say that Mr. Black’s sentence is substantively unreasonable based on the particulars of his case this case and the District Court’s thorough consideration of the factors of 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (“Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard.”). The Supreme Court has explained there are practical reasons underlying the abuse of discretion standard that apply to our review of a District Court’s sentencing determination:
*843 The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court. Moreover, district courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.
Gall, 552 U.S. at 51-52, 128 S.Ct. at 597-98 (quotation marks, internal citations, footnote, and alterations omitted). All this is to say, the same deference that requires us to affirm Mr. Black’s sentence could have supported a different sentence, including a sentence within or even below the Guidelines. For example, in my view, the District Court would not have abused its discretion had it weighed the § 3553(a) factors differently and exercised its discretion to impose a lower sentence based on Mr. Black’s diminished capacity. See USSG § 5K2.13. But the fact that an appellate judge “might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.” Gall, 552 U.S. at 51, 128 S.Ct. at 597.

. During the sentencing hearing, the District Court sustained Mr. Black’s objection to the PSR’s two-level increase for his role in the offense, reducing his total offense level to level 20, criminal history category III, resulting in an advisory guideline range of 41 to 51 months for Count One. See Doc. 165 at 7, 46. The District Court also sustained Mr. Black’s objection with respect to his Count Two conviction under 18 U.S.C. § 924(c) for brandishing a firearm based on Alleyne v. United States, - U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and determined that his minimum mandatory sentence for Count Two was 60 months. Doc. 165 at 5. Thus, his advisory guideline sentence for Count Two was 60 months, consecutive to his sentence to Count One. See United States Sentencing Guideline (USSG) § 2K2.4(b) (“[I]f the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) ... the guideline sentence is the minimum term of imprisonment required by statute.”).